TO BE PUBLISHED IN THE OFFICIAL REPORTS

OFFICE OF THE ATTORNEY GENERAL
State of California

DANIEL E. LUNGREN
Attorney General

_____

| | | |
|---|---|---|
| OPINION | : | |
| | : | No. 98-802 |
| of | : | |
| | : | November 17, 1998 |
| DANIEL E. LUNGREN | : | |
| Attorney General | : | |
| | : | |
| CLAYTON P. ROCHE | : | |
| Deputy Attorney General | : | |
| | : | |

_____

THE HONORABLE KEITH OLBERG, MEMBER OF THE CALIFORNIA ASSEMBLY, has requested an opinion on the following question:

May the members of the City Council of the City of Hesperia simultaneously serve as the governing board of the Hesperia Fire Protection District and the Hesperia County Water District?

CONCLUSION

The members of the City Council of the City of Hesperia may simultaneously serve as the governing board of the Hesperia Fire Protection District and the Hesperia County Water District.

ANALYSIS

On July 1, 1988, the City of Hesperia ("City") was incorporated in accordance with a reorganization plan approved by the electorate as authorized under the Cortese-Knox Local Government Reorganization Act of 1985 (Gov. Code, §§ 56000-57550; "Act"). **Footnote No. 1** As part of the reorganization, the Hesperia Fire Protection District ("Fire District") became a "subsidiary district" of the City. On May 3, 1990, pursuant to a separate reorganization plan adopted under the terms of the Act, the Hesperia County Water District ("Water District") became a "subsidiary district" of the City.

Both reorganization plans specified that the members of the City's City Council ("City Council") would constitute, ex officio, the governing boards of the subsidiary districts. We are asked whether such a combination of duties violates the common law incompatible offices doctrine. **Footnote No. 2** We conclude that the City Council members may simultaneously serve as the governing boards of the two districts in question.

In 66 Ops.Cal.Atty.Gen. 176, 177 (1983), we quoted from a prior opinion regarding the application of the common law rule prohibiting the simultaneous holding of incompatible public offices:

"'Offices are incompatible, in the absence of statutes suggesting a contrary result, if there is any significant clash of duties or loyalties between the offices, if the dual office holding would be improper for reasons of public policy, or if either officer exercises a supervisory, auditory, or removal power over the other.' (38 Ops.Cal.Atty.Gen. 113 (1961).)"

For the common law prohibition to apply, both positions must be "public offices," a potential for conflict in duties or loyalties must be present, and there must be an "absence of statutes suggesting a contrary result." With respect to the "absence of statutes" requirement, we have noted that the Legislature may abrogate the common law rule whenever it chooses. As we explained in 78 Ops.Cal.Atty.Gen. 60, 62-63 (1985):

"In *American Canyon Fire Protection Dist*. v. *County of Napa* (1983) 141 Cal.App.3d 100, 104, the court concluded that the members of a county board of supervisors could act as the governing board of a special district and distribute county funds to the district, stating:

"'Although a conflict of interest may arise under the common law rule against incompatible offices, "There is nothing to prevent the Legislature. . . from allowing, and even demanding, that an officer act in a dual capacity." (*McClain* v. *County of Alameda* (1962) 209 Cal.App.2d 73, 79.) Appellants rely heavily on a string of opinions by the California Attorney General as support for their contention that the board's alleged conflict of interest invalidated the distribution, but fail to respond to the McClain case, or acknowledge that the Attorney General opinions give full recognition to McClain. For example, in 63 Ops.Cal.Atty.Gen. 748 (1980), it was noted, at page 750, that "The Legislature may . . . and often does abrogate the common law doctrine when it considers it necessary or convenient to permit officers to hold incompatible offices. (See *McClain* v. *County of Alameda* [*supra*, at p.79]; 61 Ops.Cal.Atty.Gen. 396, 398 (1978).)"' (Fn. omitted.)

"We have discussed the Legislature's abrogation of the common law rule in a variety of situations. (See, e.g., 76 Ops.Cal.Atty.Gen. 81, 85 (1993); 76 Ops.Cal.Atty.Gen. 38, 43, fn. 4; 74 Ops.Cal.Atty.Gen. 116, 117, fn. 1; 74 Ops.Cal.Atty.Gen. 86, 88 (1991); 66 Ops.Cal.Atty.Gen. 293, 295-302 (1983); 15 Ops.Cal.Atty.Gen. 108, 109-110 (1950).)"

Here, we find that the Act has abrogated the common law rule. A "subsidiary district" is defined in the Act as "a district of limited powers in which a city council is designated as, and empowered to act as, the ex-officio board of directors of the district." (§ 56078.) A "district of limited powers" is defined in section 56037 to include both a "fire protection district" and a "county water district." It states:

"'District of limited powers' means an airport district, community services district, municipal utility district, public utilities district, *fire protection district*, harbor district, port district, recreational harbor district, small craft harbor district, resort improvement district, library district, local hospital district, local health district, municipal improvement district formed pursuant to any special act, municipal water district, police protection district, recreation and park district, garbage disposal district, garbage and refuse disposal district, sanitary district, county sanitation district, public cemetery district, California water district, *county water district*, county waterworks district, or irrigation district." (Italics added.)

Accordingly, under the specific authorizing provisions of the Act, members of the City Council may simultaneously serve as the governing board of the Fire District and the Water District, since both districts were established as "subsidiary districts" of the City. **Footnote No. 3**

\* \* \* \* \*

**Footnote No. 1**
All references hereafter to the Government Code are by section number only.
**Footnote No. 2**
No issue is raised concerning the Act's procedures under which the Fire District and Water District became subsidiary districts of the City.
**Footnote No. 3**
In 76 Ops.Cal.Atty.Gen. 38, 39, footnote 1 (1993), we indicated that the members of the City Council could serve simultaneously as the governing board of the Fire District.